DECISION
This is an appeal by Plaintiff seeking waiver of the penalty imposed by Defendant as part of a retroactive assessment because Plaintiff did not file personal property tax returns for the 2007-08 or 2008-09 tax years on Account 70124. A hearing on the matter was held October 19, 2009, by telephone. James Bartholomeusz, president for Plaintiff and the employee who regularly handles the company's tax matters, appeared for Plaintiff. Doug Hillpot, Benton County Assessor, appeared for Defendant.
 I. STATEMENT OF FACTS
Plaintiffs business began operating in 2007. The members had not previously operated a business in Oregon. Plaintiff has taxable personal property used in connection with its business. Plaintiff did not file personal property tax returns with the county assessor in 2007 or 2008. Defendant became aware of the existence of the property and, on May 7, 2009, added the value of the property to the assessment and tax rolls for the 2007-08 and 2008-09 tax years, presumably pursuant to ORS 311.205
through ORS 311.235.[1] The assessments for the two tax years included a penalty equal to 50 percent of the tax determined to be owing. Plaintiff timely appealed. Attached to the Complaint was a letter written by Alicen Bartholomeusz, LLC *Page 2 
Member, explaining that "I was previously unaware of the personal property tax and the related filing requirements." James Bartholomeusz reiterated during the October 19, 2009, proceeding, that he and his wife Alicen were unaware that the property was taxable and returns were required.
 II. ANALYSIS
The property at issue was used by taxpayer in its business and is legally subject to tax because it is tangible personal property used for the production of income. See generally ORS 307.030 and ORS 307.190.
ORS 308.290(l)(a) requires every person or business that owns "taxable personal property [to] make a return of the property for ad valorem tax purposes to the assessor of the county in which the property has its situs for taxation" by March 1 of each year. If a party fails to file a required return by the March 1 annual deadline, the party "shall be jointly and severally subject to the provisions of ORS 308.296." Id. ORS308.296(4) provides for a penalty of 50 percent of the tax where a taxpayer fails to file a return after August 1.
Plaintiff did not file returns in 2007 or 2008. The assessor added the value of taxpayer's previously untaxed personal property to the assessment and tax rolls as omitted property pursuant to the provisions of ORS 311.205 through ORS 311.235. Specifically, ORS 311.216(1) requires the assessor to add to the rolls the value and taxes of any property previously omitted from the rolls "for any year or years not exceeding five years prior to the last certified roll." In accordance with chapter ORS 311.223(2)(b) and ORS chapter 308.296(4), the assessor imposed a 50 percent penalty against the property for tax years 2007-08 and 2008-09. The related penalties were $149.09 (tax year 2007-08) and $179.42 (tax year 2008-09). Appeal of that penalty to the Tax Court is authorized by ORS 311.223(4). *Page 3 
The Tax Court has the authority to "waive the liability for all or a portion of the penalty upon a proper showing of good and sufficient cause." ORS 305.422. In accordance with a long line of prior cases by this court, this court relies on the definition of "good and sufficient cause" found in ORS 305.288. X-Ray Industries, Inc. v. Clackamas CountyAssessor, TC-MD No 060656E, WL 3491162 *1 (Nov 29, 2006) (citing HaroldL. Center Pro Land Survey v. Jackson County Assessor, TC-MD No 020069C at 4, WL 1591918 (July 18, 2002)); Norsam Technologies, Inc. v. WashingtonCounty Assessor, TC-MD No 031057D (Mar 29, 2004) (referencing other decisions).
The term "good and sufficient cause" is defined in ORS 305.288(5)(b) as follows:
 "`Good and sufficient cause?:
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
In this case, the reason returns were not filed in 2007 or 2008 was because members in the company (LLC) were unaware of the filing requirement, or that the property was subject to tax. The statutory definition of good and sufficient cause set forth above specifically excludes lack of knowledge. Accordingly, Plaintiff's appeal must be denied.
 III. CONCLUSION
The court concludes that Plaintiff's request for waiver of the penalty imposed for its failure to file personal property returns in 2007 or 2008 cannot be waived or reduced by the court because the reason the returns were not filed does not satisfy the requirements of ORS 305.422. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is denied.
Dated this ___day of November 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on November 13,2009. The Court filed and entered this document on November 13, 2009.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1